## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **CAROLYN BECKER,** | § | **Case No. 5:17-CV-00900** |
| **OLGA KUCERAK**, and | § | |
| **PETRE FIONA BLACK** | § | |
| Texas consumers, individually | § | |
| And on behalf of all others. | § | **CLASS ACTION ALLEGATION** |
| | § | **COMPLAINT** |
| Plaintiffs, | § | |
| V. | § | Negligence |
| | § | |
| **EQUIFAX INC.**, | § | 28 U.S.C. § 1332 |
| | § | |
| Defendant. | § | Demand for Jury Trial |

## <u>PLAINTIFFS' ORIGINAL COMPLAINT</u>

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Now comes CAROLYN BLACK BECKER, OLGA KUCERAK, and PETRE FIONA BLACK hereinafter referred to as Plaintiffs, by and through their undersigned attorney of record, in accordance with the Federal Rules of Civil Procedure and applicable Texas law, file this, their class action Original Complaint, against Equifax Incorporated, herein after referred to as Defendant.

In support of this cause of action, Plaintiffs would respectfully show unto the Court the following:

## I.
## <u>PARTIES</u>

1.    Defendant Equifax Inc. (Equifax) is a multi-billion dollar Georgia Corporation that provides credit information services to millions of businesses, governmental units, and consumers across the globe. Equifax operates through various

subsidiaries including Equifax Information Services, LLC, and Equifax Consumer Services, LLC aka Equifax Personal Solutions aka PSOL. Each of these entities acted as agents of Equifax or in the alternative, acted in concert with Equifax as alleged in this complaint. Defendant Equifax's principal place of business is located at 1550 Peachtree Street Drop H-46, Atlanta, Georgia 30309. Equifax, Inc. may be served through its registered agent via Certified Mail Return Receipt Requested, PRENTICE-HALL CORPORATION SYSTEM, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218, at its principal office address identified above.

2. Plaintiff, Carolyn Black Becker is an individual consumer residing in the San Antonio, Texas area. Plaintiff, Olga Kucerak is an individual consumer residing in the San Antonio, Texas area. Plaintiff, Petre Fiona Black is an individual consumer residing in the San Antonio, Texas area.

## II.
## VENUE AND JURISDICTION

3. This Court has jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $50 billion exclusive of penalties. Venue is proper under 28 U.S.C. § 1391 because many of Texas consumers with credit and personal information stored by Equifax live in the San Antonio area.

## III.
## INTRODUCTION

4. Approximately 142,000,000 American Citizens will wake up in the morning not knowing if everything they have ever worked for has been stolen. Through gross negligence and unfettered greed, Defendant Equifax left the door unlocked; thieves

entered, and stole one of the most precious possessions a person owns – their identity. Right now, someone, somewhere, is pouring over social security numbers, date of births, driver's licenses, credit card account's, passwords, secret question answers.  With this information, a life can and will be ruined.  Equifax must be held accountable.

**IV.**
**STATEMENT OF FACTS**

5.      Plaintiffs file this complaint as a national class action on behalf of over 140 million consumers across the Country harmed by Equifax's failure to adequately protect their credit and personal information. This complaint requests Equifax provide fair compensation in an amount that will ensure every consumer harmed by its data breach will not be out-of-pocket for the costs of independent third-party credit repair and monitoring services. This complaint's allegations are based on personal knowledge as to plaintiffs' conduct and made on information and belief as to the acts of others.

6.      Throughout the past year, Equifax collected and stored personal and credit information from Ms. Becker, Ms. Kucerak, and Ms. Black, including their social security numbers, birth dates, home addresses, driver's license information, and credit card numbers.

7.      Equifax owed a legal duty to consumers like Ms. Becker, Ms. Kucerak, and Ms. Black to use reasonable care to protect their credit and personal information from unauthorized access by third parties. Equifax knew that its failure to protect Ms. Becker, Ms. Kucerak, and Ms. Black's credit and personal information from unauthorized access would cause serious risks of credit harm and identify theft for years to come.

8.      On September 7, 2017, Equifax announced for the first time that from May to July 2017, its database storing Ms. Becker, Ms. Kucerak, and Ms. Black's credit and personal information had been hacked by unauthorized third parties, subjecting Ms. Becker, Ms. Kucerak, and Ms. Black to credit harm and identify theft.

9.      In an attempt to increase profits, Equifax negligently failed to maintain adequate technological safeguards to protect Ms. Becker, Ms. Kucerak, and Ms. Black's information from unauthorized access by hackers. Equifax knew and should have known that failure to maintain adequate technological safeguards would eventually result in a massive data breach. Equifax could have and should have substantially increased the amount of money it spent to protect against cyber-attacks but chose not to. Consumers like Ms. Becker, Ms. Kucerak, and Ms. Black should not have to bear the expense caused by Equifax's negligent failure to safeguard their credit and personal information from cyber-attackers.

10.      Ms. Becker, Ms. Kucerak, and Ms. Black hope Equifax will use this massive data breach, and their subsequent lawsuit, as a teachable moment to finally adopt adequate safeguards to protect against this type of cyber- attack in the future.

## V.
## CLASS ALLEGATIONS

11.      Plaintiffs file this complaint as a national class action lawsuit. The Texas class consists of Texas consumers who:

**a)** Had personal or credit data collected and stored by Equifax in the past year; and

**b)** Who were subject to risk of data loss and credit harm and identity theft or had to pay for third-party credit monitoring services as a result of Equifax's negligent data breach from May to July 2017.

12.     Excluded from the class are all attorneys for the class, officers and members of Equifax, including officers and members of any entity with an ownership interest in Equifax, any judge who sits on the case, and all jurors and alternate jurors who sit on the case.

13.     Every aggrieved Texas consumer suffered injuries as alleged in this complaint directly and proximately caused by Equifax's negligent failure to adequately protect its database from unauthorized access by third-party hackers.

14.     The class is so numerous that joinder is impracticable. Upon information and belief, the Texas class alone includes millions of consumers based on Equifax's estimate that its data breach affected 143 million consumers nationwide.

15.     Common questions of fact and law predominate over any questions affecting only individual class members. Common questions include whether plaintiffs and the Texas class members are entitled to equitable relief, whether Equifax acted negligently, and whether plaintiffs and the Texas class members are entitled to recover money damages.

16.     Plaintiffs' claims are typical of the claims of the Texas class because each suffered risk of loss and credit harm and identity theft caused by Equifax's negligent failure to safeguard their data, the injuries suffered by plaintiffs and the Texas class members are identical (i.e. the costs to monitor and repair their credit through a third-

party service for at least 24 months), and plaintiffs' claims for relief are based upon the same legal theories as are the claims of the other class members. Plaintiffs will fairly and adequately protect and represent the interests of the class because their claims are typical of the claims of the Texas class, they are represented by nationally known and locally respected attorneys who have experience handling class action litigation and consumer protection cases who are qualified and competent, and who will vigorously prosecute this litigation, and their interests are not antagonistic or in conflict with the interests of the Texas class.

17.    A class action is superior to other methods for fair and efficient adjudication of this case because common questions of law and fact predominate over other factors affecting only individual members, as far as plaintiffs know, no class action that purports to include Texas consumers suffering the same injury has been commenced in Texas, individual class members have little interest in controlling the litigation, due to the high cost of actions, the relatively small amounts of damages, and because plaintiffs and their attorneys will vigorously pursue the claims. The forum is desirable because many of consumers in Texas who suffered injury caused by Equifax's negligence reside in the San Antonio metropolitan area. A class action will be an efficient method of adjudicating the claims of the class members who have suffered relatively small damages, as a result of the same conduct by Equifax. In the aggregate, class members have claims for relief that are significant in scope relative to the expense of litigation. The availability of defendant's consumer data will facilitate proof of class claims, processing class claims, and distributions of any recoveries.

## VI.
## TEXAS CLASS CLAIM FOR RELIEF

### NEGLIGENCE

18.     As alleged in this complaint, Equifax undertook care of credit and personal information belonging to plaintiffs and the Texas putative class, then breached its legal duty by failing to maintain adequate technological safeguards, falling below the standard of care in the technological industry, directly and proximately causing foreseeable risk of data loss and credit harm and identity theft and other economic losses, in amounts to be decided by the jury.

19.     Plaintiffs and the Texas class are entitled to equitable relief in the form of an accounting of exactly how their credit and personal information was accessed without authorization by third parties, restitution, and unless agreed upon by Equifax, an order to preserve all documents and information (and electronically stored information) pertaining to this case

## VII.
## JURY DEMAND

20.     Plaintiffs respectfully demand a jury trial pursuant to Federal Rule of Civil Procedure 38(b).

### PRAYER FOR RELIEF

Plaintiffs seek relief for themselves and the proposed Texas class as follows:

A. Unless agreed upon by Equifax, an order to preserve all documents and information (and electronically stored information) pertaining to this case,

B. An order certifying this matter as a class action,

C.  Judgment against Equifax for fair compensation in an amount to be decided by

the jury, and costs,

D.  And other relief the Court deems necessary.

Respectfully submitted,

*/s/ Tim Maloney* _____

TIM MALONEY
State Bar No. 12887380
tmaloney@maloneyandcampolo.com
mlopez@maloneyandcampolo.com
PAUL E. CAMPOLO
State Bar No. 03730150
pcampolo@maloneyandcampolo.com
ERIC A. CAMPOLO
State Bar No. 24094579
ecampolo@maloneyandcampolo.com
**LAW OFFICES OF MALONEY & CAMPOLO**
926 S. Alamo
San Antonio, Texas  78205
(210) 922-2200 – Telephone
(210) 923-1313 – Facsimile

ATTORNEYS FOR PLAINTIFFS
CAROLYN BECKER, OLGA KUCERAK and
PETRE FIONA BLACK.